## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| VICTORIA MCGUIRE, | CASE NO. 1:14-CV-00220 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE VECCHIARELLI |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Plaintiff, Victoria McGuire ("Plaintiff"), challenges the final decision of Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 423, 1381(a).  This case is before the undersigned United States Magistrate Judge pursuant to the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).  For the reasons set forth below, the Commissioner's final decision is REVERSED and REMANDED for proceedings consistent with this opinion.

### I.  PROCEDURAL HISTORY

Plaintiff was adjudicated disabled in 1985 under Listings 12.04 and 12.05. (Transcript ("Tr.") 289-291.)  Her SSI benefits were discontinued in 2005 after she married a wage earner.  (Tr. 57-58, 289, 458.)  After becoming divorced, Plaintiff protectively filed an application for SSI on September 8, 2011, alleging a disability onset date of January 9, 2010.  (Tr. 16.)  Her claim was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ").  (*Id.*)  On November 27,

2012, an ALJ held Plaintiff's hearing.  (*Id.*)  Plaintiff participated in the hearing, was represented by counsel, and testified.  (*Id.*)  A vocational expert ("VE") also participated and testified.  (*Id.*)  On December 11, 2012, the ALJ found Plaintiff not disabled.  (Tr. 13.)  On March 29, 2013, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision.  (Tr. 1.)

On January 31, 2014, after receiving additional time to file a complaint for judicial review, Plaintiff filed her complaint to challenge the Commissioner's final decision.  (Doc. No. 1.)  The parties have completed briefing in this case.  (Doc. Nos. 12, 14, 15.)

Plaintiff asserts the following assignment of error: The ALJ erred in finding that Plaintiff is no longer disabled under Listing 12.05(C).

## II.  EVIDENCE

### A.  Personal and Vocational Evidence

Plaintiff was born in September 1966 and was 45-years-old on the date the application was filed.  (Tr. 26.)  She had a limited education and was able to communicate in English.  (*Id.*)  She did not have any past relevant work.  (*Id.*)

### B.  Medical Evidence

#### 1.  Medical and Agency Reports

From October 2011 through at least October 2012, Plaintiff attended counseling with various nurses and nurse practitioners who diagnosed her with depression, anxiety, and borderline intellectual functioning.  (Tr. 764-771, 776-846.)  At a psychiatric evaluation on October 11, 2011, with Morgan Wiggins, CNP, it was noted that Plaintiff's "memory and cognition appear grossly intact although cognition appears baseline concrete."  (Tr. 769.)  Plaintiff was diagnosed with borderline intellectual functioning.  (*Id.*)  At an appointment

with Patricia Grippi, MSN, APRN-B, on April 23, 2012, Plaintiff had some delayed thought process and word finding. (Tr. 812.) Ms. Grippi noted that it was "obvious that [Plaintiff] has borderline intelligence." (*Id.*) Ms. Grippi diagnosed major depression, severe, recurrent with psychosis; anxiety disorder; and borderline mental functioning. (*Id.*)

On January 13, 2012, consulting psychologist Richard Halas, M.A., evaluated Plaintiff. (Tr. 496-501.) Plaintiff reported that she attended Medina Vocational School until 11th grade. (Tr. 497.) She had been in regular and special classes and maintained below average grades. (*Id.*) Plaintiff stated that she dropped out of school because she had to run away from home. (Tr. 498.) She never completed GED classes because she "always failed the math section." (*Id.*) Plaintiff had a history of mental health problems. She was hospitalized for three months at the age of 19 because of Schizophrenia. (*Id.*) She had been diagnosed with Post Traumatic Stress Disorder (PTSD) and has had panic attacks. (*Id.*) Mr. Halas' report indicated that Plaintiff worked for one and a half years at the Dollar Store where she did stocking and cashiering, but that she had to leave her job because she had surgery on her thumb. (*Id.*) Plaintiff reported that her daily activities included driving her daughter to school; bathing and getting dressed; drinking coffee and watching television; cooking; cleaning; and shopping. (Tr. 499.)

On examination, Plaintiff's quality of consciousness was good and she was reasonably orientated in time, place, and person. (Tr. 499.) Mr. Halas found that Plaintiff had an intellectual level which was low average, based on the fact that Plaintiff had been in special classes in school, maintained below average grades, and was unable to pass her GED testing. (*Id.*) Mr. Halas opined that Plaintiff's "general intelligence level [was] estimated to be in the low average range." (Tr. 500.) He diagnosed Plaintiff with

3

depression, anxiety, alcohol abuse in early remission, and borderline personality disorder. (*Id.*)

In January 2012, state agency psychologist Frank Orosz, Ph.D., categorized Plaintiff's severe mental impairments under Listings 12.04, 12.06, and 12.08 for affective disorders, anxiety-related disorders, and personality disorders, respectively, but not under Listing 12.05 for mental retardation. (Tr. 84.) State agency psychologist Karla Voyten, Ph.D., reviewed the file in June 2012 and affirmed Dr. Orosz's conclusions. (Tr. 101-102.)

**C.    Hearing Testimony**

    **1.    Plaintiff's Hearing Testimony**

Plaintiff had a driver's license and was able to drive. (Tr. 38.) She lived in an apartment with her ex-husband and daughter. (Tr. 44.) Plaintiff did not have a high school education. (Tr. 39.) She was able to read and write and could perform simple mathematics. (*Id.*) When she was in school, she took vocational classes in horticulture. (*Id.*) Plaintiff had past work experience as a cashier. (*Id.*) She testified that she had to leave that job because she could not tolerate long periods of standing. (Tr. 40.)

Plaintiff stated that she watched television but could not follow the programs. (Tr. 45.) She saw a mental health counselor. (*Id.*) She had problems with crowds of people and did not interact with strangers. (Tr. 46.) On a typical day, Plaintiff would take her daughter to school, nap and watch TV, do the dishes, and go shopping. (Tr. 48.) She testified that her ex-husband took her shopping everyday. (*Id.*) Plaintiff did not have any hobbies and did not visit with friends or relatives. (Tr. 49.) She stated that some of her mental health medications were helping her. (Tr. 52.) "They make me feel more at ease on situations instead of having super anxiety." (*Id.*)

Plaintiff testified that she began receiving disability benefits when she was 19-years-old because she tried to commit suicide. (Tr. 58.) She stated that she has had on-going mental health problems ever since. (*Id.*)

### 2. Vocational Expert's Hearing Testimony

Robert Mosley, a vocational expert, testified at Plaintiff's hearing. The ALJ asked the VE to assume a hypothetical individual of Plaintiff's age and education who could read, write, and perform very simple mathematics. (Tr. 66.) The individual could perform work at the light exertional level but could not climb ladders, ropes, or scaffolds; she could frequently climb ramps and stairs and balance; she could occasionally stoop, kneel, and crouch; she could perform frequent handling and fingering bilaterally; and she could perform simple, routine tasks in an environment that did not involve frequent social interaction, strict time or production quotas, or fast-paced or frequent task changes. (Tr. 66-68.) The VE testified that the hypothetical individual could perform such jobs as a cafeteria attendant, an assembler of plastic hospital products, and a wire worker. (Tr. 67-68.)

### III. STANDARD FOR DISABILITY

A claimant is entitled to receive benefits under the Social Security Act when she establishes disability within the meaning of the Act. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981). A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbot*, 905 F.2d at 923. Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d). Fourth, if the claimant's impairment does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g).

### IV. SUMMARY OF COMMISSIONER'S DECISION

The ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since September 8, 2011.

2. The claimant has the following severe impairments: degenerative arthritis of the hands with carpal tunnel syndrome; status post arthroplasty; degenerative arthritis of the spine; major depressive disorder; generalized anxiety disorder; borderline personality disorder; and alcohol abuse in

      remission.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 416.967(b). Specifically, the claimant cannot climb ladders, ropes, or scaffolds; she can frequently climb ramps and stairs; she can frequently balance; she can occasionally stoop, kneel, and crouch; she can perform frequent handling and fingering bilaterally; and she can perform simple, routine tasks in an environment that does not involve frequent social interactions, strict time or production quotas, fast pace requirements or frequent task changes.

5. The claimant has no past relevant work.

6. The claimant was born in September 1966 and was 45-years-old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has a limited education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 8, 2011, the date the application was filed.

(Tr. 18-27.)

### V.    LAW & ANALYSIS

### A.    Standard of Review

Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made

7

pursuant to proper legal standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. *Id.* However, the court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard*, 889 F.2d at 681. A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy*, 594 F.3d at 512.

### B. Plaintiff's Assignment of Error

#### 1. The ALJ Erred in Finding That Plaintiff is No Longer Disabled Under Listing 12.05(C).

Plaintiff received SSI benefits from September 1, 1992, through June 30, 2005, approved under medical Listing 12.05(C), until she married a wage earner and thus became disqualified for benefits. (Tr. 21.) After becoming divorced, Plaintiff reapplied for benefits. In his decision denying Plaintiff's application for SSI, the ALJ conducted a *de novo* review of the relevant evidence and concluded that the severity of Plaintiff's

8

impairments did not meet the criteria for Listing 12.05(C). (Tr. 21.) Plaintiff argues that the ALJ erred in denying her application for benefits, because the ALJ was bound to the prior determination that Plaintiff was disabled "*unless* substantial evidence demonstrated *medical improvement*, *i.e.,* 'changed circumstances.'" (Plaintiff's Brief ("Pl.'s Br.") 7.) For the following reasons, Plaintiff's argument is well taken.

"When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 842 (6th Cir. 1997). Defendant incorrectly argues that "ALJ Roscoe was not obligated under *Drummond* to give *res judicata* effect to this prior determination, or otherwise rely on new and material evidence showing improvement in her condition," because there was no prior ALJ or Appeals Council decision finding Plaintiff disabled. (Defendant's Brief ("Def.'s Br.") 5.) Contrary to Defendant's assertion, the principles of *Drummond* apply regardless of whether there was a prior ALJ or Appeals Council decision. The Sixth Circuit explained:

> A decision concerning a claimant's eligibility for social security benefits is an "initial determination" under the social security regulations. 20 C.F.R. § 404.902. An initial determination is binding unless the claimant requests reconsideration or the Commissioner reverses its decision. 20 C.F.R. § 404.905. An initial determination is subject to the doctrine of administrative *res judicata*. See Draper v. Sullivan, 899 F.2d 1127, 1130 (11th Cir. 1990) (rejecting the Commissioner's argument that res judicata did not apply because the Social Security Administration was not acting in a judicial capacity and the parties did not have an opportunity to litigate the issues).

Id. at 841.

In challenging the applicability of *Drummond* to the facts of Plaintiff's case, Defendant quotes Acquiescence Ruling 98–4(6), which states, in part, that "[*Drummond*] applies only

9

to a finding of a claimant's residual functional capacity . . . which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim." AR 98–4(6) (S.S.A. June 1, 1998). As Plaintiff notes in her Reply Brief, however, "every court within the Sixth Circuit confronted with the Commissioner's staid argument has held that the doctrine of administrative *res judicata* is applicable to an initial determination by the Agency." (Plaintiff's Reply Brief ("Pl.'s Reply") 3, citing Priest v. Comm'r of Soc. Sec., 2014 WL 801390, *3 (W.D. Mich. Feb. 28, 2014); Belew v. Astrue, 2012 WL 3027114, *3 (E.D. Ky. July 24, 2012); Harris v. Astrue, 2010 WL 3909495, at *1-2 (S.D. Ohio May 21, 2010); Miller v. Astrue 2012 WL 220234, *1-2 (S.D. Ohio Jan. 25, 2012); Hester v. Comm'r of Soc. Sec., 2009 WL 2885103, at *4 (E.D. Mich. Sep. 2, 2009); Willis v. Comm'r of Soc. Sec., 2006 WL 453472, *3 (E.D. Mich. Feb. 22, 2006)).

As an example, Magistrate Judge Sharon Ovington thoroughly examined this issue in Harris v. Astrue, 2010 WL 3909495, at *1-2 (S.D. Ohio May 21, 2010),[1] under facts similar to the ones here. In that case, the claimant's SSI benefits were terminated due to excess income resulting from a workers' compensation settlement. Harris, 2010 WL 3909495 at *2. In finding that the case should be remanded to the ALJ on the issue of *res judicata,* the Court explained:

> In the present case the Commissioner argues that *Drummond* applies only to prior ALJ decisions, not to other agency decisions. Consequently, according to the Commissioner, ALJ Armstead was not obligated by *Drummond* to discuss or apply res judicata to the prior disability examiner's determination that Plaintiff met Listing 12.04.

---

[1] Magistrate Judge Ovington's Report and Recommendation was adopted by District Judge Walter Herbert Rice.  See Harris v. Comm'r of Soc. Sec., WL 3909493 (S.D. Ohio Sept. 29, 2010).

> The Commissioner's contention lacks merit. Although the previous administrative decision was not made by an ALJ, it did constitute a determination by the Social Security Administration that Plaintiff met Listing 12.05. *See* Tr. 33, 51; *cf.* 20 C.F.R. § 401.901 (defining "determination" to include "the initial determination or the reconsidered determination"). Such determinations are "subject to the doctrine of administrative res judicata." *Drummond,* 126 F.3d at 841 (citing *Draper v. Sullivan,* 899 F.2d 1127, 1130 (6th Cir.1990)). This determination, moreover, constituted a final decision concerning Plaintiff's entitlement to benefits because it resulted in Plaintiff actually receiving SSI. *See* Tr. 51 (Notice of Award explaining to Plaintiff that she was both medically and non-medically eligible to receive SSI and explaining the amount of benefits she would receive). "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Drummond, 126 F.3d at 842.*

*Id.* at *5. The full analysis in *Harris* is directly applicable here. Not only does Plaintiff's case share legal and factual similarities with *Harris*, but the same arguments raised by the Commissioner in *Harris* and rejected by the Court are raised in this case as well. The Commissioner has failed to provide any reasons to avoid the applicability of *res judicata* to initial determinations of disability made at the administrative level.

In his decision, the ALJ explicitly stated that he was not bound by the prior determination that Plaintiff was disabled and conducted a *de novo* review of the relevant evidence to find that the severity of Plaintiff's impairments did not meet the criteria for Listing 12.05(C). (Tr. 21.) As *res judicata* applies to initial determinations of disability made at the administrative level, the ALJ erred in finding that he was not bound by the prior determination that Plaintiff was disabled. Accordingly, Plaintiff's case is reversed and remanded. On remand, the ALJ shall either defer to the prior administrative determination that Plaintiff was disabled under Listing 12.05(C), or address the issue of whether

substantial evidence supports a medical improvement in Plaintiff's condition as set forth in *Drummond.*

### VI.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and REMANDED for proceedings consistent with this opinion.

**IT IS SO ORDERED**.

<u>s/ *Nancy A. Vecchiarelli*</u>
U.S. Magistrate Judge

Date: January 7, 2015